## MILLER v WARREN

Ohio Appeals, 2nd Dist, Miami Co

No 346.   Decided July 22, 1935

Paul T. Klapp, for plaintiff in error.
Demos B. Ulrey, Columbus, and Millard E. Hussey, Sidney, for defendant in error.

keeping and exhibition for gain of a certain gambling device commonly known as a slot machine, upon which was the copyrighted Morris plate. The court affirmed the judgment of the Court of Appeals, which likewise had affirmed the judgment of the Common Pleas Court reversing a judgment of conviction of a Justice of the Peace. The gist of the opinion of the court is that there was no showing that the checks received as a result of the consecutive play by the state's witness were redeemed or even offered for redemption in trade at the store of the defendant; that the machine operated as a merchandise vending device simply, and the features of the machine which might make the same a gambling device were not utilized by the state's witness, nor shown by the evidence adduced.

It follows as a matter of course that if the mere operation of the machine constituted gambling it was a gambling device per se. The court clearly held that it did not come within that category. The court quotes and cites with approval 38 A.L.R., page 73:

"A slot machine, it has been said, is not per se a gambling device, since it may be used or played upon for an innocent purpose, and the courts cannot, therefore, take judicial notice that every slot machine is a gambling device, as the use to which it is put must determine its character."

In 12 R.C.L., page 730, it is said:
"In general, however, any slot machine, regardless of its description and although it is a mere automaton which keeps and runs itself, will be deemed to an unlawful gambling device, where the one who plays the machine stands to win or lose money, trade checks, or prizes, by a chance, or more broadly, where there is an element of chance in its operation. And where the return to the player is dependent on an element of chance the generally prevailing opinion seems to be that a slot machine is a gambling device even though the player is assured of his money's worth of some commodity, and hence cannot lose."

And in 27 C.J., 989:
"The various courts have formulated different rules for determining when a slot machine is a gambling device, but one which seems to have been accepted very generally is that, where one who plays a slot machine stands to win or lose money, trade, or checks, by hazard or chance, the machine is a gambling device. The machine is a gamb-

## OPINION

By HORNBECK, J.

We have had the question as to the status of a vending machine bearing the Morris plate before us many times and in no instance have we held that such a machine is a gambling device per se. The last pronouncement of the Supreme Court on the matter is found in State v Krauss, 114 Oh St, 342, which was a criminal action based upon an affidavit charging the unlawful

ling device where its operation is such that, although the player in any event will receive something, he stands a chance to win something in addition."

In Steed v Tate, Sheriff, No. 331, Greene County, unreported, decided May 25, 1930, we held that a certain type of slot machine known as a baseball mint vending machine was a gambling device per se. Likewise, in Zimmerman v Tate, Sheriff, Greene County, No. 326, unreported, decided February 13, 1930, we had under consideration two types of machines. This was an action seeking to restrain the sheriff from confiscating and destroying the machines. We refused to grant the relief for two reasons, first, that it appeared that the plaintiff was using a plate covered by a United States copyright issued to another and, secondly, it appeared that, although the machine may not have been a gambling device as such, it had a removable rod and by its removal the machine could pay money instead of mints or checks.

In Hussman v Morris, No. 1167, Montgomery County, opinion rendered Dec. 29, 1932, unreported, (13 Abs 491) we support a finding of the trial court that a mint vending machine bearing a copyright plate in substance much like the plate under consideration was not a gambling device per se, and in Brassel v Benham, No. 333, Clark County, 17 Abs 257, the court refused to grant an injunction restraining the sheriff from taking and confiscating a machine bearing the same plate as carried on the machine under consideration in the Hussman case, supra. Judge Barnes wrote the opinion in this case, Judges Kunkle and Hornbeck concurring in the judgment only. The court did not predicate its judgment upon the hypothesis that the machine was a gambling device, but on the peculiar facts in the case and because the court was called upon to issue a restraining writ against a law enforcing official, which relief is always accorded with great caution.

We are familiar with all the cases cited by counsel for both parties in this case and are in no doubt that the machine under consideration here, requiring operation under conditions such as we have passed on heretofore, is not a gambling device per se, and the judgment of the trial court was proper.

The judgment will, therefore, be affirmed.

BARNES, PJ, concurs.
BODEY, J, not participating.